**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| SUPASTAR WARE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:24-CV-934 ACL |
| ) | |
| MISSOURI DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented plaintiff Supastar Ware, an inmate at the Eastern Reception Diagnostic and Correctional Center ("ERDCC"), for leave to commence this civil action without prepayment of the required filing fee. ECF No. 3. Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $40.66. *See* 28 U.S.C. § 1915(b)(1). Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20

percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of his motion for leave to proceed *in forma pauperis*, plaintiff submitted a copy of his certified inmate account statement. ECF No. 4. A review of plaintiff's account from the relevant six-month period indicates an average monthly deposit of $203.32 and an average monthly balance of $70.03. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $40.66, which is 20 percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded

facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the Court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint and Amended Complaint**

Self-represented plaintiff filed the instant action on a Prisoner Civil Rights Complaint form pursuant to 42 U.S.C. § 1983. ECF No. 1. Because the complaint did not include plaintiff's signature as required by the Federal Rules of Civil Procedure and the Local Rules of this Court, the complaint was returned to plaintiff with instructions for him to sign and resubmit. ECF No. 6. Plaintiff applied his signature and timely refiled the complaint. ECF No. 7.

Plaintiff's amended complaint names two defendants: (1) the Missouri Department of Corrections ("MDOC"); and (2) the MDOC's Office of Professional Standards. Under the section for plaintiff to write his "Statement of Claim," he writes the following:

> Missouri Department of Corrections Office of Professional Standards. International law violated making one(s) Black Transgender living conditions inhumane and or violating federal and state laws that w[]ere set forth for protecting me! Violations occurred by Department of Correction local and state officials. Officers of

3

> Department all failed to abide by Equal Protection Clause and showing i.e. showed delib[e]rate indifference from August of 2021 Jefferson City Correctional Center and starting at another institution Eastern Reception Diagnostic Correctional Center from November 10, 2022 till June 28, 2024. Officials showed Discrimination as well as violated Due Process, Cruel and Unusual Punishment as well as Sexual Assault, Rape, [and] Sexual Abuse.

*Id.* at 3 (errors in original).

Plaintiff describes his injuries as:

> Rape, sexual assault, sexual verbal harassment, discrimination and retaliation cause mental health to depresate [sic] emotion and mental. Having to take medication for unbareable [sic] physical pain such as headache, over thinking, fear all from mental defects. Anxiety and depression serve [sic] as well as PTSD! Medical provided no standard [of] care. Bruised finger and swollen anal cavity.

*Id.* at 4 (errors in original).

Plaintiff seeks various forms of relief, including, but not limited to, immediate release from confinement, a monetary amount of one billion dollars, a monthly pension for the remainder of his life, donations made to non-profit organizations, college tuition for his nieces and nephews, a new home and car, and five years of paid property taxes. *Id.* at 5, 8, 12.

Attached to the amended complaint are 39 pages of notebook paper in which plaintiff provides a narrative of numerous incidents and issues he has allegedly encountered while incarcerated at the MDOC. *Id.* at 13-52. Due to the length, formatting, and stream-of-consciousness style of writing, the allegations are somewhat difficult to decipher. However, plaintiff appears to claim a correctional officer or officers placed rat poison in his oatmeal, failed to follow prison policies by not separating him from an alleged sexual abuser, placed him in unclean and unsanitary conditions during a psychiatric mental evaluation, used suicide watch as a form of punishment, denied him medical care while he was on a 21-day hunger strike, failed to address a urinary tract infection, did not properly handle his grievances, and mishandled his allegations of rape.

4

Subsequent to filing this action, plaintiff submitted two sets of supplemental documents written in the same style as the attachments. It appears he is attempting to add additional claims and allegations against the MDOC and the Office of Professional Standards due to the behavior and actions of their correctional officers.[1] ECF Nos. 9 and 10.

**Discussion**

Having carefully reviewed the amended complaint, the Court concludes that plaintiff's claims against defendants must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

"Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008); *see also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (asserting that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (explaining that "a state is not a person for purposes of a claim for money damages under § 1983").

Here, plaintiff has sued the MDOC and the MDOC's Office of Professional Standards. The MDOC and its' own Office of Professional Standards are departments of the State of Missouri. A claim against a department of the State is treated as being made against the State. However, a state is not a "person" for purposes of a 42 U.S.C. § 1983 claim for money damages, which is what

---

[1] Supplements are not recognized pleadings under Rule 7(a) of the Federal Rules of Civil Procedure. Consequently, the Court does not accept amendments to the complaint through supplements, declarations, notices, or other piecemeal amendments. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008). In other words, plaintiff may not amend or add to a complaint by filing separate documents. The Court recognizes that plaintiff is representing himself in these proceedings, but even *pro se* plaintiffs are expected to follow the Federal Rules of Civil Procedure. *See Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996). Thus, the Court will not consider ECF Nos. 9 or 10 in its initial review.

plaintiff is essentially seeking.[2] Because plaintiff is missing an essential element of a § 1983 action, his claim against the MDOC is subject to dismissal.

Furthermore, suit against the State of Missouri is barred by the Eleventh Amendment. "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer immunity on an un-consenting state from lawsuits brought in federal court by a state's own citizens or the citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *see also Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). The Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (stating that district court erred in allowing the plaintiff to proceed against state university for injunctive relief, and remanding matter to district court for dismissal).

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 62, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id.* The second exception is when a state waives its immunity to suit in federal court. *Id.* at 65. A state will be found to have waived its immunity

---

[2] To the extent that plaintiff seeks release from confinement, he must seek relief by filing a petition for writ of habeas corpus. Such relief is not available in a § 1983 suit.

"only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987). Neither exception is applicable in this case.

The first exception is inapplicable because the Supreme Court has determined that § 1983 does not revoke a state's Eleventh Amendment immunity from suit in federal court. *See Will*, 491 U.S. at 66 ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); and *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe . . . that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). The second exception is also inapplicable because the State of Missouri has not waived its sovereign immunity in this type of case. *See* Mo. Rev. Stat. 537.600 (explaining that sovereign immunity is in effect and providing exceptions).

In this case, plaintiff has named the MDOC and the MDOC's Office of Professional Standards as defendants. As noted above, the Eleventh Amendment bars suit against a state or its agencies for both monetary and injunctive relief. Furthermore, no exceptions to sovereign immunity are present in this case. Therefore, plaintiff's claim against the defendants in this action are subject to dismissal for this reason as well.

The Court notes that although this case is being dismissed under preservice review, Plaintiff has an open case against numerous MDOC defendants in their official and individual capacities, which appear to address many of the claims brought in this action. *See Ware v. Jennings, et al.*, Case No. 4:24-Cv-846-SRW (E.D. Mo. June 18, 2024).

**Motion for Appointment of Counsel**

Plaintiff has filed two motions for appointment of counsel. ECF Nos. 2 and 8. The motions will be denied as moot because this action is being dismissed without prejudice. *See* 28 U.S.C § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $40.66 within thirty (30) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motions for appointment of counsel [ECF Nos. 2 and 8] are **DENIED as moot**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 23rd day of July, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE